373-381 PAS Assoc., LLC v Ideko Prods., LLC (2023 NY Slip Op 01132)

373-381 PAS Assoc., LLC v Ideko Prods., LLC

2023 NY Slip Op 01132

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Renwick, J.P., Friedman, Gesmer, Singh, Higgitt, JJ. 

Index No. 654755/20 Appeal No. 17433 Case No. 2022-02507 

[*1]373-381 PAS Associates, LLC, Plaintiff-Appellant,
v
Ideko Productions, LLC, et al., Defendants-Respondents.

Fox Rothschild LLP, New York (Joshua Kopelowitz of counsel), for appellant.
The Law Office of Judah Z. Cohen, PLLC, Woodmere (Judah Z. Cohen of counsel), for respondents.

Order, Supreme Court, New York County, entered June 30, 2022, which denied plaintiff's motion to dismiss the affirmative defenses and for summary judgment, and, upon a search of the record, granted defendants summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, to deny defendants summary judgment, and to grant plaintiff's motion to dismiss the affirmative defenses and for summary judgment against defendants as to liability, and the matter remanded for further proceedings to determine plaintiff's damages.
In this action for rental arrears in connection with a commercial lease, the court erred in granting summary judgment to defendants tenant and guarantor. Defendant tenant's leased space was not affected by the pandemic-related restrictions set by the government (see Gap, Inc. v 170 Broadway Retail Owner, LLC, 195 AD3d 575, 577 [1st Dept 2021]; Center for Specialty Care, Inc. v CSC Acquisition I, LLC, 185 AD3d 34, 42-43 [1st Dept 2020]). While defendant's business was as a large-scale live events coordinator, no such events occurred in the leased commercial space, and, in fact, was prohibited by article 46 of the lease, stating that defendant could use the leased premises "solely for general, executive and administrative offices and for no other purpose." In addition, article 27 of the lease provides that tenant's obligations under the lease "shall in no way be affected, impaired or excused because [plaintiff] is unable to fulfill any of its obligations under this lease . . . if [plaintiff] is prevented or delayed from doing so by reason of . . . government preemption or restrictions." Thus, tenant was not released from liability regarding its lease obligations. However, there is an issue of fact as to the amount of damages.
As to defendant guarantor, tenant did not provide 90-days' notice of intent to vacate, nor did tenant pay arrears through the vacate date. Thus, guarantor is not protected by the 90-day notice carve-out provision of the guaranty. Furthermore, although tenant may have lost all or nearly all of its business during the early months of the pandemic, it was not required to "cease operation under executive order number 202.3," such that guarantor is entitled to relief pursuant to Administrative Code of City of NY § 22-1005 (see e.g. Mozzy, Inc. v SK Ironstate LLC, 2022 NY Slip Op 32865[U], *4 [Sup Ct, NY County 2022]; 40 X Owner LLC v Masi, 2021 NY Slip Op 30041[U], *3-4 [Sup Ct, NY County 2021]). Tenant was not forced to shut down the subject premises to
the public, as the subject premises was never open to the public for any services but merely served as office space for tenant. Therefore, defendant guarantor is not relieved of its obligations under the guaranty.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023